■ ANGELO J. GIACCIO, Respondent, v. KIAMESHA CONCORD, INC., Appellant.

*Per Curiam.* This is an appeal from an order of the Supreme Court, Sullivan County, at a Special Term held on December 17, 1962, which granted the defendant's motion to dismiss the complaint for neglect to prosecute (Civ. Prac. Act, § 181; now CPLR 3216) unless the plaintiff served a bill of particulars within 10 days after entry and service of the order. It is a condition to defense of a motion to dismiss for neglect that the plaintiff furnish an affidavit of merit. While, as we have held, the affidavit need not be made by the plaintiff (*Sznukowski* v. *B. F. Goodrich Co.*, 18 A D 2d 861), it must be by a person having knowledge of the facts and must be as good as the kind of affidavit which could defeat a motion for summary judgment on the ground that there is no issue of fact (*Sortino* v. *Fisher*, 20 A D 2d 25, 32). The only affidavit which has been submitted is the obviously hearsay affidavit of counsel. Such an affidavit is insufficient (*Keating* v. *Smith*, 20 A D 2d 141). As to the allegation that the action has been neglected we examine the chronological background. The action is to recover damages for personal injuries sustained by the plaintiff on the defendant's premises on July 9, 1959, when, as alleged in the complaint, the plaintiff, a paying guest, "brushed or touched a window in the main lobby of the hotel" which "shattered causing pieces of glass to fall some of which struck plaintiff". The action was commenced on March 21, 1961, by the service of a copy of the summons and complaint. Issue was joined on April 17, 1961, on which date a demand for a bill of particulars was served. The demand was not complied with and nothing further transpired until October 19, 1962, approximately 19 months after the suit had been instituted, at which time the defendant moved to dismiss for lack of prosecution. The plaintiff's attempted explanation of the untimely delay is contained in his attorney's affidavit, which states that "after the pleadings had been served, the file in this action became lost" and that "after the service upon deponent of the present motion to dismiss for failure to prosecute, deponent eventually located the file." It is also stated by the plaintiff's attorney that he moved his law office on January 1, 1960, but this was more than 14 months prior to the institution of the action and seems all but irrelevant. In the light of the complete inadequacy of the affidavit of merit we find the excuse of the temporary loss of the file insufficient for this delay of approximately 19 months. Order modified, on the law and the facts and in the exercise of discretion, so as to dismiss the complaint and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.